UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL AIDAN FORSYTH,<br><br>  Plaintiff,<br><br>v.<br><br>CONTRACT SERVICES ADMINISTRATION TRUST FUND,<br><br>  Defendant. | Case No. 2:24-cv-05489-SB-SK<br><br>AMENDED ORDER EXTENDING SEAL AND UNITED STATES'S ELECTION PERIOD AND SETTING HEARING ON ORDER TO SHOW CAUSE |

      This is the second case before this Court in which the government has twice missed key deadlines in a qui tam False Claims Act (FCA) action.  As in *United States v. Spaghetti Warehouse Restaurants Inc.*, No. 2:24-cv-04274-SB (C.D. Cal.), the government failed to appear within the 60-day sealing period under 31 U.S.C. § 3730(b), blaming the failure on an "intake processing error" in response to an order to show cause (OSC).  Dkt. Nos. 9, 10, 11.  Despite being granted a substantial extension of the deadline for its election to intervene, Dkt. No. 12, the government again failed to act, prompting a second OSC, Dkt. No. 15.  The government claims that its neglect was due to the same internal, administrative issues at the U.S. Attorney's office it described in its response to an OSC in *Spaghetti Warehouse*, though it also describes additional remedial measures it is undertaking to avoid delays like this in the future.  Dkt. No. 16.  In light of these issues, the government requests a further extension to May 19, 2025.

      In the interests of justice, the Court grants the requested extension:  (1) the United States of America shall have until May 19, 2025, to file its notice of election regarding intervention in this action pursuant to 31 U.S.C. § 3730(b)(4); and (2) pursuant to 31 U.S.C. § 3730(b)(3), the complaint and all other papers filed or lodged in this action shall remain sealed, to and including May 19, 2025.

1

As in *Spaghetti Warehouse*, however, the government's response raises concerns not only about its deadline-tracking systems, but also about its case-assignment process. That is, the attorney previously assigned to this matter—Ross Cuff, the former Chief of the Civil Fraud Section—appears to have taken on more cases than he could effectively manage and subsequently left his position without ensuring a proper transition. Accordingly, the Court sets a hearing on the OSC on May 9, 2025, at 8:30 a.m. in Courtroom 6C and orders Mr. Cuff to file, no later than May 5, 2025, a declaration explaining why he should not be sanctioned for his role in the government's failure to comply with court orders in this case, including any failure to ensure compliance after his departure. The government is ordered to promptly provide Mr. Cuff with this order. To avoid needless duplication, Mr. Cuff shall provide a single declaration, which must be filed on the dockets in this case and in *Spaghetti Warehouse*, addressing the above-described issues in both cases.

In sum, the Court grants the government an extension, to and including May 19, 2025, to file its notice of election. The Court declines to discharge the OSC at this point and will consider whether to impose sanctions on the government and/or its counsel (including Mr. Cuff) at a hearing on May 9. David Harris is ordered to appear at that hearing; the Court will reserve decision about whether to order Mr. Cuff to appear until after it reviews his declaration (due on or before May 5). The Court expects the government to file its notice of election no later than May 19.

Date: April 21, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge